# Exhibit A

SUMMONS

Attorney(s) Karpf, Karpf & Cerutti, P.C.
Office Address 3331 Street Road
Town, State, Zip Code Two Greenwood Square, Suite 128
Bensalem, PA 19020
Telephone Number (215) 639-0801
Attorney(s) for Plaintiff W. Charles Sipio, Esq.
Marcus Blassingame

Plaintiff(s)

Vs.

Wayfair, LLC, et al.

Defendant(s)

**Superior Court of New Jersey**

Middlesex COUNTY
Civil DIVISION
Docket No: MID-L-004233-21

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: 7/23/2021

Name of Defendant to Be Served: Wayfair, Inc.
Address of Defendant to Be Served: 4 Copley Place, Floor 7, Boston, MA 02116

A True Copy Attest
Constable, Boston, MA   Date

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

# Directory of Superior Court Deputy Clerk's Offices
# County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-004233-21

**Case Caption:** BLASSINGAME MARCUS VS WAYFAIR LLC
**Case Initiation Date:** 07/19/2021
**Attorney Name:** WILLIAM CHARLES SIPIO
**Firm Name:** KARPF, KARPF & CERUTTI, PC
**Address:** 3331 STREET RD TWO GREENWOOD SQUARE STE 128
BENSALEM PA 19020
**Phone:** 2156390801
**Name of Party:** PLAINTIFF : BLASSINGAME, MARCUS
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: MARCUS BLASSINGAME?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/19/2021
Dated

/s/ WILLIAM CHARLES SIPIO
Signed

**KARPF, KARPF, & CERUTTI, P.C.**
By: W. Charles Sipio, Esq.
Attorney ID: 026602012
By: Allison A. Barker, Esq.
Attorney ID: 298092019
3331 Street Road, Suite 128
Two Greenwood Square
Bensalem, PA 19020
P - (215) 639-0801
F - (215) 639-4970

| | |
|---|---|
| MARCUS BLASSINGAME<br>309A Jutland Drive<br>Monroe Township, NJ 08831<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR, LLC<br>4 Copley Place, Floor 7<br>Boston, MA 02116<br>and<br>WAYFAIR, INC.<br>4 Copley Place, Floor 7<br>Boston, MA 02116<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY LAW DIV.<br><br>CIVIL ACTION<br><br>DOCKET NO.: MID-L-004233-21<br><br>**COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff, Marcus Blassingame (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Wayfair, LLC and Wayfair, Inc. (*hereinafter* collectively referred to as "Defendants" unless otherwise indicated) of the New Jersey Law Against Discrimination ("NJ LAD") and applicable New Jersey common law. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.   Parties

2.   The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

3.   Plaintiff is an adult with an address as set forth above.

4.   Defendants Wayfair LLC and Wayfair Inc. were both Plaintiff's single and/or joint employer(s), and they operate as an integrated enterprise. Defendants: (a) use overlapping management; (b) use overlapping resources; (c) advertise publicly with interchangeable names; (d) provide employees with information under both entity names; (e) are based at the same physical address; and (f) generally operate as the same venture.

5.   At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## III.   Factual Background

6.   The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.   Plaintiff is a 52-year-old male.

8.   Plaintiff was employed by Defendants as a full-time Warehouse Worker, from on or about May 27, 2019 until his unlawful termination (discussed further *infra*) on or about December 10, 2019.

9.   During his employment with Defendants, Plaintiff was primarily supervised by Warehouse Lead, Nick Segura (*hereinafter* "Segura") and generally supervised by Supervisors, David Davis (*hereinafter* "Davis") and Peter Clark (*hereinafter* "Clark").

10.   Throughout his employment with Defendants, Plaintiff was an excellent and hard-working employee who performed his job well.

### -Disability Discrimination/Worker's Compensation Retaliation-

11. Plaintiff has and continues to suffer from longstanding disabilities, including but not limited to diabetes (and associated complications).

12. In addition to the aforesaid disabilities, Plaintiff also suffered a work-related shoulder injury in or about November of 2019, for which Plaintiff is still treating and requires physical therapy.

13. Plaintiff immediately reported his aforesaid work-related shoulder injury to Davis and Clark, who dissuaded Plaintiff from filing an incident report for worker's compensation benefits, by stating "are you sure you want to report it"; "you'd have to go to the hospital"; and "just see how it is in a day."

14. The following day, Plaintiff informed Davis and Clark that he was still in pain; however, they ignored his complaints.

15. Plaintiff then continued to perform his job duties in pain and favoring his shoulder for the next approximate week until the pain began to gradually worsen.

16. As a result of his gradually worsening work-related injuries/health conditions, Plaintiff reached out to another supervisor, Israel (last name unknown, *hereinafter* "Israel"), to inquire about filing for worker's compensation.

17. In response to Plaintiff's request to file a worker's compensation claim, Israel replied that he would have to "discuss it" with Davis; however, Plaintiff never heard back from either Israel or Davis.

18. Plaintiff believes and therefore avers that Defendants' management purposefully avoided completing a worker's compensation incident report to avoid having to provide worker's compensation benefits to Plaintiff.

3

19. Rather, Davis and Clark subjected Plaintiff to multiple forms of animosity and hostility as a result of Plaintiff's work-related injuries/health conditions. By way of example, but not intended to be an exhaustive list:

   a. Davis and Clark constantly made fun of Plaintiff's work-related shoulder injuries/health conditions;

   b. Davis dismissed Plaintiff's clear pain and need to favor his left shoulder, stating "you're getting older, maybe that is causing the wear and tear"; and

   c. Davis and Clark required Plaintiff to carry heavy boxes and perform "two-man" jobs, despite observing Plaintiff's clear discomfort and lack of mobility.

20. Plaintiff did his best to ignore the aforesaid instances of unfair and discriminatory treatment by Defendants' management and continued to work through the pain and discomfort of his work-related injuries/health conditions for the next several weeks for fear of losing his job, as Defendants had a well-known "no tolerance" policy of terminating employees with work-related injuries/health conditions.

21. Additionally, on or about November 28, 2019, Plaintiff was having a conversation with Segura, during which Davis passed by and abruptly inquired to Plaintiff, "Do you have diabetes"? When Plaintiff answered "yes," Davis and Segura began to interrogate Plaintiff as to whether his diabetes affected his work. Plaintiff responded that his work was not affected by his disability; however, Davis and Segura exhibited clear frustration with Plaintiff's health conditions.

22. Plaintiff continued to perform his job duties, albeit in pain, for the next several days, until he was abruptly terminated on or about December 10, 2019, for alleged work-related "incidents."

4

23. Plaintiff believes and therefore avers that he was really terminated because of his work-related injuries/health conditions and for making a claim for worker's compensation benefits because (1) Plaintiff had only one minor workplace "incident" where he accidentally broke a pallet while operating a forklift, while several other non-disabled forklift drivers for Defendants have been involved in multiple accidents that were much more severe in nature, causing damage to company property and the destruction of merchandise but were not terminated for same; and (2) Plaintiff was terminated shortly after informing Defendants of his work-related injuries/health conditions and making a claim for worker's compensation benefits.

### -Age Discrimination-

24. Separate and apart from Plaintiff's aforesaid claims of disability discrimination and worker's compensation retaliation, Plaintiff was also treated unfairly because of his advanced age.

25. Based on information and Plaintiff's observations/personal experiences, Defendants' management clearly favored younger employees and exhibited discriminatory animus toward Plaintiff and other older employees. For example, but not intended to be an exhaustive list:

   a. Unlike Plaintiff's younger co-workers, Defendants selectively enforced policies against Plaintiff and other older employees;

   b. Younger employees were given preferential treatment with regard to work duties; and

   c. On a least one occasions, Defendants' management informed Plaintiff "you're getting older, maybe that is causing the wear and tear," when Plaintiff exhibited pain and discomfort from his aforesaid work-related injuries/health conditions.

26. After observing the aforementioned instances of age discrimination and disparate treatment for months, Plaintiff was abruptly terminated on or about December 10, 2019, for pretextual reasons (set forth *supra*).

27. Plaintiff was treated disparately with respect to work, policies, and termination contrary to individuals substantially younger than him.

28. Upon information and belief, after Plaintiff was terminated, his job duties have been performed by a much younger, less experienced individual(s), who does not possess the level of qualifications and seniority Plaintiff had obtained working with Defendants.

29. Plaintiff believes and therefore avers that he was terminated from his position with Defendants because of his advanced age.

**COUNT I**
**Violations of the New Jersey Law Against Discrimination ("NJ LAD")**
**([1] Disability Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**
**-Against Both Defendants-**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff suffered from qualifying health conditions under the NJ LAD which affected his ability (at times) to perform some daily life activities.

32. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendants.

33. Plaintiff was subjected to a hostile work environment through verbal admonishment and disparate treatment and ultimately terminated from Defendants shortly after informing Defendants of his serious health conditions.

34. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated by Defendants due to his actual/perceived/record of disabilities.

6

35. These actions as aforesaid constitute violations of the NJ LAD.

### Count II
### Violations of the New Jersey Law against Discrimination ("NJ LAD")
### (Age Discrimination)
### -Against Both Defendants-

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. During his employment with Defendants, Plaintiff had no history of significant discipline.

38. Throughout his tenure with Defendants, Plaintiff was treated disparately with respect to work, policies, and termination contrary to individuals substantially younger than him.

39. Plaintiff was abruptly terminated on or about December 10, 2019, for pretextual reasons.

40. Upon information and belief, after Plaintiff was terminated, his job duties have been performed by much a younger, less experienced individual(s) who do not possess the level of qualifications and seniority Plaintiff had obtained working with Defendants.

41. Therefore, Plaintiff believes and avers his termination was due to his advanced age.

42. These actions as aforesaid constitute unlawful discrimination in violation of the NJ LAD.

### Count III
### Common-Law Wrongful Discharge
### (Public Policy Violation)
### -Against Both Defendants-

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for worker's compensation benefits against Defendants and/or for his work-related injuries.

45. It is against New Jersey's public policy for an employee to be terminated for making a worker's compensation claim. *Stewart v. County of Hudson*, 2011 N.J. Super. Unpub. LEXIS 1965, 34 (App. Div. July 22, 2011).

46. The mere temporal proximity between Plaintiff's claim for worker's compensation and his termination creates an inference that his termination was in retaliation for making such a claim.

47. Additionally, the continuous hostility and animosity that he was subjected to after he sustained a work-related injury and/or made a workers' compensation claim creates an inference that his termination was in retaliation for making such a claim.

48. These actions as aforesaid constitute wrongful termination in New Jersey.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination, harassment and retaliation in the workplace;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, insurance, benefits, training, promotions, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date her employment was first terminated;

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law in addition to any multiplier(s) that this Court might find applicable;

G. This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and dictates have been complied with in full by Defendants;

H. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: *(signature)*
By: W. Charles Sipio, Esq.
By: Allison A. Barker, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 19, 2021

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

**KARPF, KARPF & CERUTTI, P.C.**

By: *W. Charles Sipio*
W. Charles Sipio, Esquire
Allison A. Barker, Esquire

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey, and I am responsible for the above-captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**KARPF, KARPF & CERUTTI, P.C.**

By: *W. Charles Sipio*
W. Charles Sipio, Esquire
Allison A. Barker, Esquire

## DESIGNATION OF TRIAL COUNSEL

W. Charles Sipio, Esquire and Allison A. Barker, Esquire, of the law firm of Karpf, Karpf & Cerutti, P.C. are hereby designated trial counsel.

**KARPF, KARPF & CERUTTI, P.C.**

By: *W. Charles Sipio*
W. Charles Sipio, Esquire
Allison A. Barker, Esquire

10